Slip Op. 18- 113

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **PHARM-RX CHEMICAL CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 17-00268 |

## OPINION

[Sustaining the U.S. Department of Commerce's remand redetermination in the administrative review of the antidumping duty order of glycine from the People's Republic of China.]

Dated: September 7, 2018

Brittney R. Powell and Ronald M. Wisla, Fox Rothschild LLP, of Washington, D.C., for Plaintiff Pharm-Rx Chemical Corporation.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  Of counsel were Christopher P. Hyner and David W. Campbell, Attorneys, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Choe-Groves, Judge:  Plaintiff Pharm-Rx Chemical Corporation ("Pharm-Rx") challenges the final decision issued by the U.S. Department of Commerce ("Commerce" or "Department") in the administrative review of the antidumping duty order of glycine from the People's Republic of China for the 2015–2016 period of review.  See Glycine From the People's Republic of China, 82 Fed. Reg. 47,474 (Dep't Commerce Oct. 12, 2017) (final results of antidumping duty administrative review and rescission of antidumping duty administrative review, in part; 2015–2016) ("Final Results"); see also Glycine from the People's Republic of

China: Issues and Decision Memorandum for the Final Results of Administrative Review and Rescission of the Administrative Review, In Part; 2015–2016, A-570-836, (Oct. 4, 2017), available at https://enforcement.trade.gov/frn/summary/prc/2017-22068-1.pdf (last visited Sept. 4, 2018). The administrative review period involves entries of glycine made from March 1, 2015 through February 29, 2016. Final Results, 82 Fed. Reg. at 47,474.

Pharm-Rx challenged Commerce's application of the 453.79 percent China-wide entity rate during the 2015–2016 administrative review. Compl. ¶ 18, Dec. 8, 2017, ECF No. 9 ("Compl."). Before the court are Commerce's final results of redetermination submitted following the court's grant of a voluntary remand issued on March 20, 2018. See Final Results of Redetermination Pursuant to Court Remand, June 4, 2018, ECF No. 27-1 ("Remand Redetermination"). For the following reasons, the court sustains the Remand Redetermination.

## BACKGROUND

Pharm-Rx imported glycine manufactured by Jizhou City Huayang Chemical Co., Ltd. ("Huayang Chemical"). Compl. ¶ 7. Commerce selected Huayang Chemical as a mandatory respondent during the 2015–2016 administrative review. Remand Redetermination at 1. Huayang Chemical failed to respond to Commerce's questionnaire, and as a result, Commerce assigned Huayang Chemical the China-wide entity rate of 453.79 percent, which was based on the rate assigned to Baoding Mantong Fine Chemistry Co., Ltd. ("Baoding") in the final results of the antidumping administrative review on glycine from China for 2010–2011. Id. at 1–2.

In a proceeding separate from this litigation, Baoding challenged the 453.79 percent rate and the court issued a remand for Commerce to reconsider the rate and underlying analysis. Baoding Mantong Fine Chemistry Co., Ltd. v. United States, 41 CIT __, __, 279 F. Supp. 3d 1321, 1324–25 (2017) ("Baoding Mantong"). Commerce reexamined the surrogate values, recalculated Baoding's weighted-average dumping margin at 0.00 percent, and invalidated the

453.79 percent China-wide entity rate in the Second Remand Redetermination. Id. The Baoding Mantong court found that Commerce's decisions in the Second Remand Redetermination were based on substantial evidence in the record, including determinations that the ammonia production input was anhydrous ammonia and not aqueous ammonia, and that the anhydrous ammonia should be valued according to the Global Trade Atlas data for Thailand, among other conclusions. Id. at ___, 279 F. Supp. 3d at 1331–32. The court sustained Commerce's Second Remand Redetermination as supported by the evidence in the record. Id.

After the Baoding Mantong court sustained Commerce's Second Remand Redetermination reducing Baoding's weighted-average dumping margin to 0.00 percent, this court granted Defendant's Consent Motion for Voluntary Remand. Order, Mar. 20, 2018, ECF No. 23. In its Remand Redetermination, Commerce vacated the China-wide entity rate of 453.79 percent and assigned an adjusted rate of 155.89 percent, which Commerce explained was the previous China-wide entity rate established in the underlying less-than-fair-value investigation. Remand Redetermination at 4. Pharm-Rx did not challenge Commerce's proposed adjusted China-wide entity rate of 155.89 percent to Huayang Chemical. Id. at 3. Pharm-Rx requested that the court sustain the Remand Redetermination. See Pl.'s Request Sustain Remand Results 1, Aug. 21, 2018, ECF No. 30.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over Commerce's final determination in an administrative review of an antidumping duty order. See 28 U.S.C. § 1581(c) (2012); 19 U.S.C. § 1516a(a)(2)(B)(iii). The court will uphold the Department's determinations, findings, or conclusions unless unsupported by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). When reviewing substantial evidence challenges to Commerce's decisions in an administrative review, the court assesses whether the

agency action is unreasonable given the record as a whole. See <u>Nippon Steel Corp. v. United States</u>, 458 F.3d 1345, 1350–51 (Fed. Cir. 2006).

## ANALYSIS

The <u>Baoding Mantong</u> court sustained Commerce's vacating of the previous China-wide entity rate of 453.79 percent based on substantial evidence considered in the Second Remand Redetermination. After the <u>Baoding Mantong</u> case invalidated the rate of 453.79 percent, Commerce reconsidered the appropriate rate to apply in the instant case. Commerce decided to apply the China-wide entity rate of 155.89 percent that had been established in the underlying less-than-fair-value investigation prior to the selection of the rate of 453.79 percent. The court concludes that Commerce's selection of the China-wide entity rate of 155.89 percent is reasonable. Plaintiff Pharm-Rx does not challenge the rate of 155.89 percent and has waived any objections by declining to submit comments on the Remand Redetermination to the court. The court sustains Commerce's Remand Redetermination.

Judgment will be issued accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: <u>September 7, 2018</u>
New York, New York